## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Brian Crabtree,

Case No. 22-cv-0093 (WMW/HB)

Plaintiff,

v.

**ORDER AND
REPORT AND RECOMMENDATION**

Roseau County Sheriff Office and Roseau
County Prosecutor,

Defendants.

HILDY BOWBEER, United States Magistrate Judge

This matter comes before the Court on Plaintiff Brian Crabtree's (1) Complaint for

Violation of Civil Rights Under 42 U.S.C. § 1983 (Complaint [ECF No. 1]) and

(2) Application to Proceed in District Court Without Prepaying Fees or Costs (IFP

Application [ECF No. 2]).  For the following reasons, the Court grants the IFP

Application, but recommends dismissing the Complaint without prejudice.

The Court received the Complaint and IFP Application on January 14, 2022.  (*See*

Compl. 1; IFP Appl. 1.)  The Complaint purports to name two defendants: the "Roseau

County Sheriff Office," which the Court construes as an attempt to name the Roseau

County Sheriff's Office, and the "Roseau County Prosecutor," which the Court views as

an attempt to name the Roseau County Attorney's Office.  (*See* Compl. 1.)

The Complaint has one paragraph of substantive allegations.  (*See id.* at 4.)

Crabtree alleges that in October or November of 2019, he left a casino, and a "person [he]

was with" dropped or left a "baggie of drugs" in Crabtree's truck.  (*Id.*)  Unnamed

individuals pulled him over and charged him with "[fifth] degree [possession]."  (*Id.*)

After being placed in jail, Crabtree was "bailed out"; authorities later dropped the

possession charge.  (*Id.*)  Crabtree asserts that the arrest's consequences included the loss

of his truck and his job; he also alleges that the possession charge "will always be on

[his] record even [though] dismissed."  (*Id.*)  For relief, Crabtree seeks $1.5 million in

damages.  (*See id.* at 4–5.)

On January 28, 2022, this Court issued an order requiring that Crabtree pay

(within 21 days) an initial partial filing fee of at least $71.00.  (*See* Order 4 [ECF No. 5].)

On February 16, 2022, the Court received a note from Crabtree stating that he lacked the

funds to pay this fee.  (*See* ECF No. 6.)  As a threshold point, under the federal statute

governing *in forma pauperis* proceedings, "[i]n no event shall a prisoner be prohibited

from bringing a civil action . . . for the reason that the prisoner has no assets and no

means by which to pay the initial partial filing fee."  28 U.S.C. § 1915(b)(4).  Given

Crabtree's representations, the Court concludes that he has "no assets and no means" for

§ 1915(b)(4) purposes.  The Court therefore grants the IFP Application.  Going forward,

Crabtree must pay this action's filing fee in installments as required by § 1915(b)(2), *see,*

*e.g.*, *Henderson v. Norris*, 129 F.3d 481, 483–84 (8th Cir. 1997); *Perry v. Bos. Sci. Fam.*,

No. 16-CV-0137 (PJS/HB), 2017 WL 5952774, at *1 (D. Minn. Feb. 27, 2017) (citing

*Henderson*), but his present inability to pay will not trigger this action's dismissal.  The

Court therefore orders the Clerk of Court to inform the authorities where Crabtree is

incarcerated of his payment obligations.

The Court next turns to the Complaint itself.  Because Crabtree is a prisoner, the Court may perform preservice review of this action to determine (among other things) whether it is "frivolous" or "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Here the Court concludes that the Complaint meets both conditions.

With respect to frivolity, a case is frivolous when "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994) (quoting *Neitzke*).  This District's courts have routinely held that when a complaint fails to allege what a defendant did that causes liability, the pleading lacks an arguable basis in fact—making it frivolous—for that defendant.  *See, e.g.*, *Bethune v. Minnesota*, No. 21-CV-2673 (PJS/ECW), 2021 WL 5964540, at *1 (D. Minn. Dec. 16, 2021) (citing cases); *Swenson v. Hable*, No. 21-CV-1011 (SRN/HB), 2021 WL 3476720, at *2 (D. Minn. July 15, 2021) (same), *report and recommendation adopted*, 2021 WL 3472694 (D. Minn. Aug. 6, 2021).

The Complaint here lacks any specific allegations about what either purported defendant did.  There are no clear references whatsoever to any conduct by the Roseau County Sheriff's Office or the Roseau County Attorney's Office.  (*See* Compl. 4.)  The pleading thus has no arguable basis in fact, and is therefore frivolous as to both named defendants.

To be sure, courts must construe *pro se* complaints liberally.  *See, e.g.*, *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1049 (8th Cir. 2021) (citing *Ericksen v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

One could argue that reasonable inferences from the Complaint include, e.g., that the

Roseau County Sheriff's Office employed whoever arrested Crabtree, and that the

Roseau County Attorney's Office employed whoever decided to charge Crabtree.

Perhaps these inferences would rescue the Complaint from frivolity.

But even under this charitable reading, the Complaint fails to state a claim for

which this Court can grant relief.  The Complaint purports to bring claims under 42

U.S.C. § 1983.  (*See* Compl. 1.)  His claims are against two government entities: the

Roseau County Sheriff's Office and the Roseau County Attorney's Office.  To the extent

that Crabtree actually wants to sue these county departments themselves, the attempt

fails: sheriff's departments and county attorney's offices are not legal entities amenable

to suit.  *See, e.g.*, *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir.

2001) (affirming district-court determination that sheriff's department is not suable

entity); *Clinton v. Kee*, No. 1:21-CV-145 (RLW), 2021 WL 5937423, at *3 (E.D. Mo.

Dec. 16, 2021) ("[E]ntities such as prosecuting attorney . . . offices are typically treated

the same as other non-suable entities such as county sheriff's departments." (citing

cases)); *Marvel v. Barham*, No. 2:18-CV-2213, 2019 WL 937930, at *2 (W.D. Ark. Feb.

26, 2019) (finding that neither county sheriff's office nor county prosecutor's office is

subject to suit under § 1983) (citing cases).

Again, however, the Court must construe the Complaint liberally, so will assume

for present purposes that Crabtree might simply mean to target Roseau County itself.

This raises the question of whether the Complaint properly alleges any municipal-liability

claims.  To state a municipal-liability claim under § 1983, a plaintiff must allege that the

relevant governmental entity *itself* caused a constitutional violation—it is not enough

simply that the entity employs individuals who violated the plaintiff's rights.  *See, e.g.*,

*Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing cases); *Irvin v. Richardson*, 20

F.4th 1199, 1208 (8th Cir. 2021) (citing *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir.

2017)).  Such governmental-entity liability can result when a constitutional violation

"resulted from an official municipal policy, an unofficial custom, or a deliberately

indifferent failure to train or supervise an official or employee."  *Irvin*, 20 F.4th at 1209

(quoting *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016); *cf. Connick*,

563 U.S. at 60–61 (making similar points (citing cases)).  Here, the Complaint says

nothing about any applicable policy, custom, or failure to train or supervise.  It thus fails

to state any municipal-liability claims against Roseau County.

Even under a liberal reading, then, the Complaint—if not frivolous—fails to state

a claim for which this Court can grant relief.  The Court thus recommends dismissing the

Complaint without prejudice.

**ORDER**

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Brian Crabtree's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

2. Crabtree must pay the unpaid balance—that is, $350.00—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Crabtree is confined.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiff Brian Crabtree's Complaint for

Violation of Civil Rights Under 42 U.S.C. § 1983 (ECF No. 1]) be **DISMISSED** without

prejudice.


Dated: March 17, 2022                    s/*Hildy Bowbeer*_____
                                         HILDY BOWBEER
                                         United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).